UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVIN R. BARNEY, II,

     Plaintiff,

v.                                         Case No. 3:17cv3-MCR-CJK

ESCAMBIA COUNTY, FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter, in which plaintiff is proceeding *pro se*, is before the court on plaintiff's complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983.  Upon review of the complaint, it is clear the facts as presented fail to support a viable claim for relief against defendant Patricia A. Kinsey, Escambia County Circuit Judge.  It likewise is clear plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief

can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends plaintiff's claims against Judge Kinsey be dismissed.

In his complaint, plaintiff names 7 defendants – Escambia County, Florida; Steven Barry, Chairman of the Escambia County Board of County Commissioners; David Morgan, Escambia County Sheriff; Todd Jerald Glaze and Harry Green, Escambia County Sheriff's deputies; Patricia A. Kinsey, Escambia County Circuit Judge; and Jessica L. Cosby. Plaintiff claims he was falsely and unlawfully arrested and imprisoned, maliciously prosecuted, and left to "languish[]" in jail after excessive bail was imposed. He ultimately was acquitted of the charges against him.

With regard to Judge Kinsey, plaintiff states he appeared before the judge on November 8, 2015, for an initial appearance on domestic violence charges, at which time Judge Kinsey "proceeded to make a probable cause determination finding probable cause to hold [him] over to answer to the charges." Doc. 1 at p. 4. Plaintiff says "Defendant Kinsey, without conducting a bail hearing, set bail at $160,000.00, after determining that Plaintiff was indigent." *Id.* He alleges "Defendant Kinsey did not consider the required factors for setting bail under Florida law during the course of the pretrial proceedings" and that he "was returned to jail because he was unable

to post bond due to his indigency." *Id.* Plaintiff claims the bail was excessive and the probable cause determination was erroneous. Doc. 1 at pp. 4, 9.

According to plaintiff, Judge Kinsey "creat[ed] or embrac[ed] an existing policy or custom that caused the deprivation of Plaintiff's constitutional rights." Doc. 1 at p. 2. He says the alleged policy "allows committing judges to make pretrial probable cause determinations that are not based upon probable cause supported by oath or affirmation." *Id.* He seeks "a declaration declaring the policy unconstitutional and an injunction prohibiting Defendant Kinsey and other committing judges from continuously violating the Constitution by making probable cause determinations that are not based upon probable cause supported by oath or affirmation." *Id.* Plaintiff also seeks compensatory and punitive damages against Judge Kinsey.

Plaintiff cannot establish entitlement to injunctive or declaratory relief against Judge Kinsey. "In order to receive declaratory or injunctive relief, plaintiff must establish there was a violation, there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (*citing Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)). Plaintiff has not alleged, much less established, that he faces

a serious risk of continuing irreparable injury from Judge Kinsey.  To the contrary, plaintiff was acquitted of the charges against him and has been released from custody. Moreover, plaintiff had at the time an adequate remedy at law—appeals to higher state courts—for challenging the propriety of Judge Kinsey's decisions.

Plaintiff's claim for monetary damages against Judge Kinsey in her official capacity is barred by the doctrine of sovereign immunity.  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment is an absolute bar to an individual's suit for monetary damages against a state or its agencies, or against a state officer in his official capacity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

To the extent plaintiff seeks monetary damages against Judge Kinsey in her individual capacity, such claim also is barred – by judicial immunity.  A judge acting in her judicial capacity is absolutely immune from suit for monetary damages.  *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980);

*Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005).  Immunity may be overcome only (1) where the judge has not acted within her judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

"Whether a judge's actions were made while acting in h[er] judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in h[er] judicial capacity."  *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which she presides.  *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted).  The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power."  48A

C.J.S. Judges § 86.  Thus, a judge is not deprived of absolute immunity from liability for damages because an action she took was in error, illegal, or done maliciously, or was in excess of her authority.  *Stump*, 435 U.S. at 355-57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice).  A judge is subject to liability only when she acted in clear absence of all jurisdiction and knew or must have known that she was acting in such a manner.  *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (*citing Stump*, 435 U.S. at 356-57).  Where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.  *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction).

The conduct of which plaintiff complains – Judge Kinsey's imposition of bail – is a function normally performed by a judge.  As plaintiff was a party in the case over which Judge Kinsey was presiding, plaintiff dealt with Judge Kinsey in her judicial capacity.  Under Florida law, state circuit judges have exclusive original jurisdiction to hear and determine matters of domestic violence such as that with which plaintiff was charged.  *See* Fla. Stat. § 26.012(2).  Judge Kinsey is absolutely immune from suit for damages based on her imposition of bail.

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Here, it is evident plaintiff has wholly failed to allege facts showing he is entitled to relief against Judge Kinsey. It also is apparent plaintiff cannot cure the deficiency by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Case No. 3:17cv3-MCR-CJK

Accordingly, it is respectfully RECOMMENDED:

1.      That plaintiff's claims against Judge Kinsey be DISMISSED WITH PREJUDICE.

2.      That the clerk be directed to update the docket to reflect there are 6 defendants remaining in the action.

At Pensacola, Florida this 7th day of August, 2017.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:17cv3-MCR-CJK